# Downey *v.* Downey.

*Bill for Alimony after Divorce.*

| 98  373|
|102  354|

1. *Bill for alimony after divorce a vinculo matrimonii, can not be maintained.*—The former wife, after a decree of absolute divorce from the bonds of matrimony, can not maintain a bill for alimony against the former husband.

APPEAL from Perry Chancery Court.

Heard before the Hon. W. H. TAYLOE.

The appellee, Sarah Downey, filed her bill against John Downey, for maintenance and support. The bill alleged that complainant was married to the defendant about the year 1843, and that they had lived together as man and wife until a short time before the year 1891. That on the 12th of January, 1892, said John Downey filed his bill of complaint in the Chancery Court of Perry county, against said Sarah, praying for a divorce on the ground of voluntary abandonment, which was decreed on the 24th of February following, absolutely dissolving the bond of matrimony between them, and allowing the parties again to marry. That the said John Downey had since re-married. That the complainant made no defense to that suit, and that no provision for alimony or maintenance had been made therein for this complainant, who was without the means of support. The defendant set up, both by plea and by demurrer, the decree of divorce previously granted and the marriage of defendant to another woman before the bill was filed, as a bar to the maintenance of complainant's suit. The chancellor overruled the demurrer and declared the plea insufficient, and gave the defendant thirty days in which to file an answer. The defendant appeals from that decree, and assigns the same as error.

W. F. HOGUE, for appellant.—1. Aside from the statute, it is doubtful if alimony would be allowed in cases of absolute divorce.—1 Amer. & Eng. Enc. of Law, 478 ; 2 Bishop Marriage & Divorce, § 376. And never, when the wife was in fault.—9 Am. & Eng. Encyc. of Law. 816 and notes ; *Ib.* 831 and notes 7 and 8 ; *Gray v. Gray*, 15 Ala. 779 ; Bishop Marriage & Divorce, (3d ed.) § 564, and this, too, where maintenance is sought in the divorce proceedings. But,

[Downey v. Downey.]

when relief is sought, as here, *after* the divorce, the cases are in conflict. The weight of authority is largely against maintaining a suit like this.—Bishop M. & D. (3d ed.) § 567 ; vol, 1 Am. & Eng. Enc. of Law, p. 479 ; *Ib.* vol. 5, 848. Divorce dissolves the marriage as absolutely as death.—*Ib.* vol. 1, pp. 839–40 ; *Boykin v. Rain,* 28 Ala. 332 ; *Murray v. Murray,* 84 Ala. 363.

2.    The doctrine of *res adjudicata* applies. A decree is the sentence of the court determining the rights of all the parties to the suit.—2 Dan. Ch. Pr. 968 ; 3 Brick. Dig. p. 401, §§ 561, 568. This suit is in contravention of § 2332 of Rev. Code (1886). §§ 2333–4, support the contention of the defendant, for they declare that the amount of alimony must be regulated by the facts brought forth *in the divorce proceedings.*

J. H. STEWART, for appellee, maintained that the Chancery Court had jurisdiction to grant alimony to the divorced wife, after final decree of absolute divorce had been rendered, citing Rev. Code of Ala. § 2332 and § 2440 ; *Glover v. Glover,* 16 Ala. 440 ; *Hinds v. Hinds,* 80 Ala. 226 ; *Wray v. Wray,* 33 Ala. 187 ; *Mims v. Mims,* 33 Ala. 98 ; *Murray v. Murray,* 84 Ala. 364 ; *Shotwell v. Shotwell,* 1 Smeede's & Marshall Chan. Rep. 65. The right to alimony is a separate and distinct right resulting from the decree of divorce, but not identical with it.—3 Yates, 56 ; 20 Am. St. Rep. 667 ; 27 Neb. 277 ; 21 Conn. 185 ; 19 Ohio, 502 ; 3 N. E. Rep. 254 ; 59 Me. 146–60 ; 73 Me. 481 ; 65 Me. 407 ; *Gilbreath v. Jones,* 66 Ala. 129, and *McCall v. Jones,* 72 Ala. 368, that judgments were not conclusive as to points not raised and adjudicated.

McCLELLAN, J.—The question presented on this record, namely, whether a *quondam* wife may, after a decree of absolute divorce from the bonds of matrimony granted at the instance of her husband for misconduct on her part, and which allows each of the parties to re-marry, maintain a bill for alimony, is one upon which there is great conflict in the adjudged cases of other jurisdictions, as will appear from a synopsis of the briefs of counsel in the report of this case. Most, if not all of the text-writers who discuss the point, hold that alimony will not be allowed on a separate proceeding after divorce *a vinculo.*—1 Am. & Eng. Encyc. of Law, p. 479 ; Schuler on Husband & Wife, § 459 ; Bishop Marriage and Divorce, §§ 376, *et seq.* Indeed the general rule is that courts of equity have no jurisdiction to grant alimony at all except in and as incident to a bill for divorce absolute

or *a mensa et thoro.*—2 Pomeroy's Eq. Jur. § 1120. But this rule has been departed from by this court, and the doctrine has come to be established with us "that courts of equity exercise a jurisdiction over the subject of alimony not merely *incidental* [to proceedings for divorce] but *original* [and wholly separate and apart from proceedings for a dissolution of the bonds of matrimony or for separation] in cases where the wife's right to maintenance exists.— *Glover v. Glover*, 16 Ala. 440 ; *Kinsey v. Kinsey*, 37 Ala. 393 ; *Hinds v. Hinds*, 80 Ala. 226 ; *Murray v. Murray*, 84 Ala. 363. None of these cases, however, and none that have ever been decided by this court directly or indirectly support the position asserted by the present bill. On the contrary, the doctrine declared in the case of *Glover v. Glover*, and reiterated in the subsequent cases cited, is rested on considerations which do not apply in the case at bar. The bills in all those cases are filed by the *wives* of the several defendants, and not, as here, by a person who had been, but was not at the time of instituting her suit the wife of the defendant. It was conceded in each of those adjudications that upon general principles of equity jurisprudence, as declared and enforced prior to the first of them, alimony was not allowable except as an incident to relief in a proceeding for divorce, but the court in effect extended equity jurisdiction to the allowance of alimony, though no dissolution of the bonds or decree of separation was prayed, expressly on the grounds that it is the unquestionable duty of the *husband* to support the *wife* and the inadequacy of legal remedies to enforce this duty.—*Hinds v. Hinds, supra,* and cases there cited. Does this ground exist on the averments of the present bill ? Do the complainant and respondent therein sustain the relation of husband and wife to each other ? Clearly not. Can there be any duty resting on one as a husband, who is not a husband, to support another as a wife who is not a wife ? Certainly not on general principles which have never been departed from to this extent, unless the duty becomes fixed and decreed to be performed while the relation of husband and wife still exists, or as a part of the judgment dissolving it. Certain it is that to the extent this court has changed the general rule, it has been actuated by reasons which do not obtain after the relation of husband and wife has been destroyed by the valid decree of a competent tribunal entailing the release of each party from all the duties incident to the relation. And were we now to uphold the claim advanced by this bill it would be to further emasculate principles of equity jurisdiction without the reasons therefor which underlie the adju-

dications referred to, and to use those adjudications to help us to a result toward which they do not tend and for which they were never intended to afford justification. And even if this were wholly an open question in Alabama, we should not extend the departure from well established doctrines taken in the case of *Glover v. Glover*, or rather we would not initiate a new departure, (for such it would be, since it could not be referred to the consideration leading to that decision,) from those doctrines, but prefer to reaffirm them as applicable to all cases not clearly within the legitimate operation of that adjudication, and hold that in cases like the present one no alimony is allowable, because not prayed as an incident to a decree of divorce. The question, however, is not an open one in this court. It was long since determined here that a decree of divorce *a vinculo* puts an end to the relation of marriage as effectually as would result from the death of either party, as a consequence, all duties and obligations necessarily dependent upon the continuance of that relation immediately cease, and this was held with reference to the liability of a *quondam* husband, who had been divorced by a court of this State to pay his former wife one-third of his annual income *so long as they both should live unreconciled* which had previously been decreed by the courts of another State in a proceeding by her for divorce from bed and board, this court holding that he was liable, the foreign decree to the contrary notwithstanding, only for that part of the alimony which accrued *prior* to the domestic decree dissolving the bonds of matrimony, and the ground of the decision was, as above indicated, that upon the rendition of that decree he ceased to be the husband of the plaintiff and thereafter no duty whatever in respect of her support and maintenance rested upon him. *Harrison & Saunders v. Harrison*, 20 Ala. 629, 649. Following this case and citing *Boykin v. Rain*, 28 Ala. 332, 343, as sustaining the same principle, is the quite recent one of *Jones v. Jones*, the facts of which were that William W. Jones secured the passage of an act by the General Assembly of 1888–9 releasing him from the bonds of matrimony then and theretofore existing between him and Josephine E. Jones, and provided that the divorce thereby (attempted to be) granted should have the same effect as a divorce granted by the Chancery Court, and further providing that "said Jones is hereby permitted to marry again." A proviso to this act was as follows: "this act shall not affect in any manner the rights of the said Mrs. Josephine Jones in the courts of this State in the recovery of alimony in any proceeding in any

[Downey v. Downey.]

court of this State for a divorce from the said William W. Jones."—Acts 1888–9, p. 361. Subsequently Mrs. Jones assuming that she was not absolved from the bonds of matrimony by this act filed her bill against William W. Jones for divorce and alimony. The relief prayed was granted by the Chancery Court, and an appeal taken to this court. Here it was held that if the legislative divorce was valid and of the efficacy of a decree in chancery, the bill could not be maintained for either divorce or alimony, because as to the first relief there had already been a dissolution of the bonds of alimony, and this notwithstanding the contemplation of the act was clearly to the contrary as to Mrs. Jones, and as to the second—alimony—the divorce *a vinculo* of the husband put "an end to the relation of marriage, and, as a consequence, so far as he was concerned, the divorce having been granted in his favor, all duties and obligations necessarily dependent upon the continuance of that relation [including, of course, the duty of support and maintenance through an allowance of alimony or otherwise] immediately ceased." Construing the *proviso* quoted above, the court assumed the power of the legislature, if it had power at all to grant a divorce, to save the wife's claim to alimony, but, holding that unless there was an efficacious saving clause to this end, the claim would be entirely cut off, held further that the clause intended to have that effect in this act was inoperative because thereunder it could only be asserted in a bill for divorce which could not be maintained after the dissolution of the marital relation at the instance and in favor of the husband. It was, however, held that the act was unconstitutional and wholly inoperative to annul the bonds of matrimony; and it was upon this theory alone—that the husband had not been divorced—the bill of the wife for divorce and alimony was sustained and the relief therein prayed granted to her.—*Jones v. Jones*, 95 Ala. 443.

We regard this as an adjudication of the court against the equity of the present bill, it is in line with the general principles declared by us above, and not opposed to any provision of our statute, and, following and reaffirming it, we hold that there is no equity in this bill of complaint. The decree of the Chancery Court is reversed; and a decree will be here entered dismissing the bill.

Reversed and rendered.