CASE 46—PETITION EQUITY—DEC. 18.

## Malcolm v. Malcolm.

APPEAL FROM BELL CIRCUIT COURT.

1. DIVORCE—FOREIGN JUDGMENT—PLEADING—INTENDMENT.— When in an action for divorce in this State, the defendant answers relying upon a judgment of divorce granted in another State, but fails to properly plead the laws of that State, or what facts under its laws would give jurisdiction to its courts to grant the divorce, or how service could be and was had by publication under its laws against the defendant to that suit, who was a non-resident, but the issue was fully prepared, and the court tried and determined it as if it was properly presented by the pleadings, the defect in the pleading, even if it be one of substance, is cured under the doctrine of "intendment of the verdict."

Malcolm v. Malcolm.

2. FOREIGN JUDGMENT—RIGHT TO ASSAIL.—Where one has lost or waived his right to attack or assail a judgment under the laws of the State in which it was rendered, he can not be allowed to do so in the courts of this State.

THOS. H. HINES FOR APPELLANT.

1. The law of another State when relied upon in the courts of this State, is nothing but a fact, and must be pleaded as any other fact, with sufficient distinctness for the court to judge of its effect. The answer in this case does not sufficiently set forth the law of Colorado as to what would give jurisdiction over a non-resident, or how service could be had on such non-resident, or how service was had upon appellant, or what were the grounds of divorce in that State, and the demurrer should have been sustained. (Root v. Mereweather, 8 Bush, 400; Com. v. Blood, 97 Mass., 540.)

2. It is not sufficient to allege that the court had jurisdiction of the persons and of the subject matter, but the proceedings must be shown, by allegation and proof, to have conformed to the statute. Nothing will be presumed when the right and jurisdiction are conferred by statute. (Thomas v. Robinson, 3 Wendell, 267; Anthony v. Kasey, 83 Va., 340; Windsor v. McVeigh, 95 U. S., 282; Kelley v. Kelley, 42 Amer. St. Rep., 389.)

D. B. LOGAN OF COUNSEL ON SAME SIDE.

M. M. GRANGER AND F. H. SOUTHARD FOR APPELLEE, IN AN EXTENDED DISCUSSION OF THE FACTS.

J. W. ALCORN ON SAME SIDE.

1. The child not being within the State, and never having been, the Circuit Court properly declined to make any order concerning its custody. (Kline v. Kline, 57 Iowa, 386; 42 Amer. Rep., 47.) And that action of the Circuit Court is not such a final order as can be appealed from.

2. If the petitioner is a domiciled citizen of the State where the proceedings in divorce are taken, the courts of that State have jurisdiction though the defendant is domiciled in another State. (Black on Judgments, Section 928; Cooley Con. Lim., 400; Cheever v. Wilson, 9 Wallace, 108.)

The usual rule that the domicile of the wife follows that of the husband does not apply in such cases. For the purpose of petitioning for divorce she may have a separate domicile. (Black on Judgments, Section 928; Rhyms v. Rhyms, 7 Bush, 316.)

A decree of divorce pronounced by a competent court in favor of a *bona fide* domiciled citizen of the State, and against a non-resident, where service of process was made by a reasonable constructive notice, is valid and binding both in that State and in all other States. (Black on Judgments, Section 932; Freeman on Judgments, sections 581, 586).

3. Public policy requires that judgments of divorce should be more stable and unassailable than any other species. (Black on Judgments, Section 320.)

This policy has been emphasized in this State by Code and statutory provisions and sanctioned by adjudication. (Civil Code, section 414; Ky. Statutes, section 950; Whitney v. Whitney, 7 Bush, 520.)

4. The plaintiff can not be heard to urge in this proceeding any objection to that judgment which would not be a valid objection in the court which rendered it. It, being the judgment of a court of a sister State, is entitled in this State to that "full faith and credit to which it is entitled in the courts of that State. (Hamlin v. Knight, 81 Texas, 357, and 26 Am. State Reports, p. 818; Black on Judgments, secs. 213 and 312.)

C. C. TURNER ON SAME SIDE.

1. Assuming that the law of Colorado with reference to summons by publication was imperfectly pleaded, the reply of the plaintiff cured the defect when he alleged that she "at the time fraudulently procured the court to make an order for service on him by publication as provided by the laws of Colorado." If that is not an allegation that the service by publication was properly had, it is an express admission that the steps for that purpose were taken "as provided by the laws of Colorado."

2. The issue as to the validity of the Colorado judgment was made or attempted to be made by the parties, and it was recognized by them as one of the most important, if not the vital issue in the case. Thousands of pages of evidence was taken upon it, the Colorado Code and Statutes were filed in evidence, and the court proceeded as if the issue was properly made between the parties, and decided it just as effectually as if the issue had been properly made. Under these circumstances the equitable doctrine of intendment after verdict should be applied. (Lou. and Portland Canal v. Murphy's Adm'r, 9 Bush, 530; Wilson v. Hants' Adm'r, 6 B. M., 380; Tye v. Catchings, 78 Ky. 464; Fraize v. Com., 29 S. W. Rep., 356.)

3. The appellant had eight months after actual notice of the Colorado

Malcolm v. Malcolm.

judgment in which he might have, under the laws of that State, made defense to the merits of the original action, and having failed to do so, he is estopped to deny the validity of that judgment.

4. A decree of divorce regularly obtained in one State by a citizen thereof, against a non-resident constructively served with process, which is valid in the State where rendered, is equally valid in a sister State. (*In re* James, 37 Amer. St. Rep., 60.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

The appellant and appellee were married at Zanesville, O., in October, 1885. They appear to have lived together happily until in January, 1890, when evidences of trouble between them began to attract the notice of their relatives. Just what caused this is not apparent from the record. In the spring of that year she was staying with her mother at the old homestead in Zanesville, and the appellant was probably in New York City at his father's.

A part of the correspondence between them is before us, and it shows that by the latter part of March, 1890, their estrangement was well nigh complete. This was rendered the more emphatic later on when the husband openly accused the appellee of infidelity.

In August she moved to Denver, Col. It is her contention that the health of her child required a change of residence. Moreover, a sister lived at Helena, Mont., and a brother in Southwest Missouri. Friends of long standing also lived at Denver. The bulk of her father's estate, including her own inheritance, was invested in Kansas and other Western States. The old homestead was to be sold, her father having recently died, and, when looking about for a home, she selected

Malcolm v. Malcolm.

Denver as the most suitable. She claims that she especially desired to get away from Zanesville, where the person lived with whom the husband had charged her to be criminally intimate.

The appellant in the meantime became a citizen of Pineville, Ky., and in March, 1892, brought this suit against appellee for a divorce and for the custody of their child, alleging as grounds therefor adultery and abandonment.

The wife was proceeded against as a non-resident, but at once entered her appearance by her attorneys and filed an answer. She denied the averments of the petition, and also pleaded that by a decree rendered by the county court of Park county in the State of Colorado in November, 1891, she had been granted a divorce from the appellant.

The appellant in his reply attacked the Colorado decree because obtained by fraud, and in a court having no jurisdiction. The allegations of fraud were then responded to by a rejoinder, and to this the plaintiff filed a sur-rejoinder. Upon a trial of the cause the court adjudged that the plaintiff had failed to sustain the averments of his petition, upheld the Colorado decree, declined to make any order as to the custody of the child, and dismissed the petition.

We have examined carefully the proof submitted by the plaintiff to sustain the charges of his petition, and unhesitatingly approve the finding of the chancellor with respect thereto. There is no reason whatever to believe from this evidence that the appellee is other

than a faithful and virtuous woman, and was without fault in her conduct as wife and mother. The testimony to the contrary does not rise to the importance of demanding comment or discussion. It is apparent from the record that the child, a girl of tender years, is where it belongs—with its mother.

The petition was, therefore, properly dismissed; and this would seem to be sufficient for the case. But the issues with respect to the Colorado decree were made up by elaborate pleadings, maintained by voluminous proof obtained at great cost, and tried out by the court below. It is proper therefore, to pass on the questions thus raised. It is insisted by appellant that the demurrer to the answer and amended answer should have been sustained because the law of Colorado was not properly pleaded; that the provisions of that law, showing what facts would give jurisdiction over a non-resident, as appellant was, or how service could be had on him, should have been set out, as well as what were the legal grounds of divorce in that State.

If we concede all this to be required, yet, after pleading this judgment in full, and all the proceedings in the Colorado court, the appellee alleged the Colorado law to be that a married woman is entitled to an absolute divorce from her husband if he, being in good bodily health and able to furnish provision for the support of his wife had failed for more than one year to furnish provision for the support of his wife or family. And, moreover, that under the statutes of that State the county court of the wife's

residence, or any county court of the State, had juris-diction to grant a divorce on the complaint of the wife, etc.

In his reply the appellant denied that the decree of the "said county court set out in the answer is of any force, operation or effect, because of the facts herein-after affirmatively shown." And among the alleged affirmative facts are:

1st. That he was a resident of the State of Kentucky at the time the complaint was filed, and that the only residence which appellee had apart from his residence was at Zanesville, O.

2d. That under the laws of neither Kentucky nor Ohio was it a ground of divorce in favor of a wife that her husband, being in good bodily health, had failed for twelve months to make provision for her.

3d. That in order to evade the laws of Kentucky and Ohio, and with the view of procuring a divorce on grounds not authorized by the laws of either of these States, she pretended to take up her residence in Colorado.

4th. That no summons was ever served on him in the action; that he had no notice of its pendency; that no copy. of any summons in the action or of any newspaper containing the publication ordered by the county court in the action was mailed to him by the clerk.

5th. That the law of Colorado then in force provided that when service was had in an action by publication, a copy of the summons so published should be by the clerk of the court mailed, duly stamped and addressed

to the defendant at his postoffice if known; that, in or-
der to prevent the clerk from sending out this notice,
the appellee falsely and corruptly swore that his post-
office address was unknown to her,  *  *  and at the
same time fraudulently procured the court to make an
order for service on him by publication as provided by
the laws of Colorado.

To this the appellee filed a rejoinder, denying any
fraud or misstatement by her in the procurement of the
decree, but not denying the Colorado law to be as
stated by the plaintiff.   She also set up in her amend-
ed rejoinder that, under section 75 of the Civil Code of
Practice of that State, it is provided—quoting the sec-
tion—that "when for any cause the summons in an
action has not been personally served, the court may
allow, on such terms as may be just, such defendant,
or his legal representative at any time within one
year after the rendition of the judgment in such action,
to answer to the merits of the original action." And
that within the year as provided by this law the de-
fendant had appeared in the Colorado court rendering
the original judgment, and had filed his petition
against her, asking a vacation of the judgment; that
in this suit she was served with process and entered
her personal appearance—the result of the action
being the dismissal of the plaintiff's application for
vacation.    An official transcript of the proceedings
was filed and set out in the pleading.   These facts she
pleaded in bar of plaintiff's right to attack the Colo-
rado decree in the Kentucky courts.

Malcolm v. Malcolm.

The appellant by sur-rejoinder responded, among other things, that he had filed such a bill, and it had been dismissed, as he believed, because he had, in the court's opinion, mistakenly filed a new bill instead of appearing in the old suit, etc.

From all this it appears clearly that the parties undertook to plead, although they did not in all cases quote, the statutory laws of Colorado on the subject involved. The issues thus joined were fully prepared by both sides to the controversy, and the statutes and codes of that State were filed as part of the record and proof taken of those learned in the law. Moreover, the trial court was asked to and did try out these issues as if the pleadings had most accurately set out the statutes in question in their very words. The parties, therefore, have prepared and tried the very issues which the appellant now seeks to say were not accurately set out in the pleadings.

Under such circumstances the rule is that the defective pleading, even if it be a defect of substance, is cured by what is termed in pleading "intendment after verdict," and there can be no clearer case for the application of this principle than in the case at hand. (Louisville & Portland Canal Co. v. Murphy's Adm'r, 9 Bush, 530, and authorities cited.)

In all this the important fact is to be noticed that the appellant, though appearing in the Colorado court, where the judgment of divorce was rendered, did not enter, as by the law he was given the right to enter, his motion in that case to vacate the judgment. It

seems to us, therefore, that as he no longer has such right in that court, he ought not to be allowed to do so here. If he pursued the wrong remedy by filing a new bill, the fact remains that he did not appear in the case in which the judgment was rendered, and make his defense, if he had any. Nor, aside from this, are we prepared to say that the appellee was guilty of any fraudulent conduct or misstatement of facts in the Colorado proceedings under which she obtained the divorce.

The judgment below is affirmed.