Magowan *v.* Magowan.

MARY E. MAGOWAN, appellant,

*v.*

FRANK A. MAGOWAN, respondent.

[Filed February 1st, 1899.]

Where the plaintiff in a suit for divorce is required by statute to have been a *bona fide* resident of the state in which his suit is brought for a fixed period of time, in order to enable him to maintain his suit, the ascertainment by the court of the fact of such residence necessarily precedes a consideration of the merits of the case, and the determination of that question by the court is final, not only in the courts of that state but in every other jurisdiction where the validity of the judgment comes in question, *unless such determination has been procured by fraud.* When, however, the adjudication has been procured by fraud it is without extra-territorial effect, and the judgment will be treated as void in the courts of a sister state.

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *Magowan* v. *Magowan, 12 Dick. Ch. Rep. 195.*

*Mr. Francis C. Lowthorp* and *Mr. Linton Satterthwait,* for the appellant.

*Mr. Edwin Robert Walker,* for the respondent.

The opinion of the court was delivered by

GUMMERE, J.

This is a bill for maintenance filed by the appellant against her husband. As an antecedent to the primary relief prayed for she seeks to have declared void a decree of divorce rendered by the district court of the Territory of Oklahoma, in a suit brought by her husband against her. Whether this decree can be disregarded and treated as a nullity by this court is the only question presented here for decision, for it is not denied that the

conduct of the respondent has been such as to entitle the wife to a decree of maintenance unless it is justified by the Oklahoma judgment.

The ground upon which we are asked to disregard that judgment and declare it void is that the Oklahoma court had no jurisdiction over the subject-matter of the suit in which its decree was rendered.

By the statute of Oklahoma its courts have jurisdiction in actions for divorce only in those cases in which the plaintiff has been an actual resident of the territory in good faith for ninety days next preceding the commencement of the action.

That the respondent not only was not a *bona fide* resident of that territory for ninety days next preceding his institution of the action for divorce, but that he never at any time resided there, is proved beyond the shadow of a doubt, and it is apparent, therefore, that the Oklahoma court was in fact without jurisdiction to render the judgment which the appellant now seeks to avoid. We are told, however, that it appears by the recitals contained in the decree that the question whether the respondent was a *bona fide* resident of Oklahoma for the statutory period was considered and decided by the Oklahoma court in determining whether it had jurisdiction, and that a recital in a decree of divorce made by the court of another state, that the petitioner was a resident of that state for the statutory period, is conclusive in this state of the fact so recited. This, it is said by counsel, is the declaration of this court in *Fairchild* v. *Fairchild, 8 Dick. Ch. Rep. 678.*

An examination of the opinion in the case referred to will disclose that the rule there laid down is hardly so broad as is claimed. What we said in that case was that "where the plaintiff in a cause is required by statute to have been a *bona fide* resident of the state in which his action is brought for a fixed period of time, in order to enable him to maintain his action, the ascertainment by the court of the fact of such residence necessarily precedes a consideration of the merits of the case, and the determination of that question by the court is final not only in the courts of that state, but in every other

jurisdiction where the validity of the judgment comes in question, *unless such determination has been procured by fraud.*"

Accepting this as the true rule, it will be seen that whether or not we are bound by the adjudication of the Oklahoma court on the question of the respondent's domicile must depend upon whether or not such adjudication was procured by fraud. If it was rendered after all the facts bearing on that question had been fully and fairly submitted to the court, we must accept it as conclusive; but if it was procured by fraud we are not precluded by it from inquiring whether the respondent was not in fact a resident of this state at the time when he instituted his suit for divorce in the Oklahoma court, as is charged in the bill of complaint in this case.

Upon looking at the evidence it appears, from the story told by the respondent himself, that he and his wife were residents of the city of Trenton, in this state, from the year 1879 until the latter part of July in the year 1895, and that the latter still resides in that city; that he then went to Oklahoma but that he returned to Trenton on the 5th of August of the same year; that he went back to Oklahoma about the 2d of January, 1896, and remained there about two weeks, during which time he began his divorce proceedings, and then returned again to Trenton; that he went a third time to Oklahoma during the latter part of February, 1896, and remained there a week or ten days and then again returned to Trenton, having on that occasion obtained his divorce. He says that his purpose in going to Oklahoma in July, 1895, was to become a resident, but it is very clear that if such was his purpose he failed to accomplish it. To effect a change of domicile not only must the residence at the place chosen for the new domicile be actual, but to the *factum* of residence there must be added the *animus manendi. Harral* v. *Harral, 12 Stew. Eq. 285.* A reading of the evidence cannot fail to produce the conviction that when the respondent went to Oklahoma he had not the slightest intention of remaining there and making it his home, but that on the contrary his sole object was to obtain an *apparent* residence there for the purpose of enabling him to institute divorce proceedings against his wife,

and that during the whole period covered by those proceedings he was in fact a *bona fide* resident not of Oklahoma but of New Jersey. This being so it is manifest that he must have procured the adjudication of the Oklahoma court on the question of his domicile either by intentionally withholding from that court the real facts or by the submission of false testimony. Either course was equally fraudulent and absolutely destroys the validity of the decree.

With the Oklahoma decree out of the way it is not disputed that the appellant is entitled to a decree of maintenance.

The proofs, however, fail to disclose with any certainty the financial condition of the respondent. The decree appealed from will therefore be reversed and the record remitted to the court of chancery, with instructions to ascertain the faculties of the respondent and determine the amount which he shall pay for the support and maintenance of the appellant and her children in accordance with the rules and practice of that court.

*For reversal*—COLLINS, DEPUE, DIXON, GUMMERE, LIPPIN-COTT, LUDLOW, VAN SYCKEL, ADAMS, HENDRICKSON, NIXON, VREDENBURGH—11.

*For affirmance*—None.