MARY E. GARABRANT, complainant,

v.

FLOYD H. GARABRANT, defendant.

[Decided November 30th, 1923.]

1. To entitle a foreign judgment for divorce to full force and effect as against the defendant therein, who is a resident of this state, it must appear that jurisdiction over the defendant was acquired in the manner and in substantial conformity with the requirements of our Divorce act and the rules of this court, among such requirements being that the defendant shall have been served with process in substantial conformity with our statute and court rules, and that the plaintiff (except in causes for adultery) shall have been, for two years next preceding the commencement of the action, a *bona fide* resident of such foreign jurisdiction.

2. Where a husband not living with his wife, notified her that he would establish a home in certain rooms, which were not adequately furnished for housekeeping purposes, and she did not unqualifiedly refuse to live therein, and the husband made no effort to induce her to live there, or elsewhere with him, but left the state and filed his petition for divorce in another state, he is guilty of abandoning her and separating himself from her.

On bill for maintenance.

*Mr. Martin R. O'Keefe,* for the complainant.

*Mr. David F. Barkman* and *Mr. Harold A. Price,* for the defendant.

The opinion of the court was delivered by

FIELDER, V. C.

Complainant filed her bill for maintenance and support for herself and the child of the marriage, under section 26 of the Divorce act. *Comp. Stat. p. 2021.*

Defendant's first defense is that he procured a decree of divorce from complainant, in a suit in which complainant did not appear, in the State of Oklahoma, November 12th, 1921, which decree was made absolute May 12th, 1922. Complainant contends that the decree is invalid and she prays that it may be adjudged of no force and effect in this state. In support of her contention she urges several grounds, of which I shall consider but two.

By section 33 of the Divorce act full force and effect is to be given in this state to a decree of divorce by a court of competent jurisdiction of another state, when the jurisdiction of such court was obtained in the manner and in substantial conformity with the conditions prescribed in section 7 (among other sections) of the act.

Section 7 provides as follows:

"When the defendant cannot be served personally with process within this state, and when at the time of the commencement of the action the plaintiff is a *bona fide* resident of this state, jurisdiction for the purpose of divorce * * * may be acquired by publication, to be followed, where practicable, by service upon or notice to the defendant without this state, or by additional substituted service upon the defendant within this state, as prescribed by law or rules of court, under the following conditions:

"(a) When at the time the cause of action arose, the petitioner was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless the petitioner has been for the two years next preceding the commencement of the action a *bona fide* resident of this state."

It is essential to the validity of the Oklahoma decree that jurisdiction over the defendant therein was acquired by service of process in the manner and in substantial conformity with the requirements of our statute and the rules of this court. Our Chancery act (*Comp. Stat. p. 408*), sections 12, 13 and 14, as amended (*Supp. Comp. Stat. p. 121, § 10*) and chancery rules 35, 36, 37, 38, 257 and 258, are applicable. Under them, where it appears that a defendant in a divorce suit cannot be found within the state to be served with process, the chancellor may, by order, direct such de-

fendant to appear and answer within a time fixed by the order and notice of such order, with a certified copy of the petition for divorce, must be served personally on the defendant, or be published in a newspaper, and, in case of publication, a copy of the notice and petition must be mailed to the defendant at his post-office address, if the same be known, or can be ascertained by inquiry. If the defendant fails to appear and answer within the time fixed by the order and notice, after proof of service, the practice is for the chancellor to order the petitioner to produce evidence to prove the allegations of his petition and thereafter such decree is entered as the chancellor shall think just.

It has been held that when a decree of divorce granted by a court of a sister state is attacked in our courts it must appear, among other things, that actual notice of the suit has been given to the defendant and a reasonable opportunity afforded to put in a defense. *Felt* v. *Felt, 59 N. J. Eq. 606, 610; Lake* v. *Lake, 65 N. J. Eq. 544; Davenport* v. *Davenport, 67 N. J. Eq. 320, 341.*

Complainant was at all times before, during and after the pendency of the Oklahoma suit, and still is, a resident of Morristown, and her place of residence and post-office address were known to, or could have been ascertained readily, by her husband. The decree of the Oklahoma court, which is the only proof offered to establish jurisdiction over the complainant herein, recites merely that she was "duly and legally served by publication," which can mean no more than that some sort of notice was published in an Oklahoma newspaper and cannot mean that such notice and a copy of the petition for divorce were mailed to her at her post-office address in this state. Complainant's uncontradicted testimony is that she never received any notice of the Oklahoma suit and that such suit proceeded to final decree without her knowledge. I hold that the decree of divorce is founded upon insufficient service of process on complainant, and that it is therefore not entitled to full force and effect in this court and is void as against complainant.

Another jurisdictional requirement of section 7 of our act is that the petitioner in an action for divorce shall be "for the two years next preceding the commencement of the action a *bona fide* resident of this state." Unless the defendant here was a resident of Oklahoma for two years next preceding the commencement of his suit in that state, jurisdiction of the Oklahoma court was not obtained in the manner and in substantial conformity with one of the conditions prescribed in section 7. *Thompson* v. *Thompson, 89 N. J. Eq. 70; Sechler* v.*Sechler, 94 N. J. Eq. 47.* It is admitted that defendant was not a resident of Oklahoma for that period, and for this further reason his decree of divorce is not entitled to full force and effect in this court and is void as against complainant.

Defendant's second defense is that he did not abandon complainant, but that she deserted him and that he supported her and their child up to the time of such desertion. The parties were married in November, 1918. Defendant was discharged from his army service in December, 1918, and thereafter lived with his parents at Mendham up to the time he left the state. From the time of the marriage complainant and her child lived with her parents at Morristown, except for a few occasions, when she visited defendant at his parent's home. He contributed small sums at irregular intervals for the support of his wife and child, but made no attempt to provide a home for them until November, 1919, when he arranged to take rooms at Mendham. He then notified complainant that he would establish a home there and the parties went together to inspect the rooms. She says the rooms were empty and in no condition for occupancy, but that she told him she was willing to live there, so soon as he had them cleaned and furnished. He says the rooms were partially furnished and that she said she did not like them, and that she never agreed to live in them, and this, defendant claims, was complainant's act of desertion. If the rooms contained any furniture such furniture was inadequate for housekeeping purposes and, considering complainant's fre-

quently expressed desire to defendant for a home, I do not think she made an unqualified refusal to live in the rooms. At any rate defendant made no further effort to induce her to live there, or elsewhere, with him, as it was his duty to do, and in December, 1919, he ceased giving her money, and in January, 1920, he left the state and filed his petition for divorce in Oklahoma, in July, 1921. I find that up to the time defendant left the state he had made no sincere efforts to provide a home for complainant; that before he left he had refused to support her and his child, and that his leaving the state and instituting his action for divorce is conclusive evidence that he had abandoned her.

There will be a decree in favor of complainant. The defendant will be required to pay $12 a week for the support of complainant and their child. Costs of suit will be allowed complainant and a counsel fee of $150 to complainant's counsel.