This is a petition for alimony pendente lite. The facts are as follows: The defendant, Levi K. Cole, instituted suit for divorce from his wife, the petitioner, in 1915, in the New Jersey chancery court. It was dismissed by Vice-Chancellor Backes. Thereafter, Cole went to Florida, to California and then to Nevada. While living in Nevada the defendant instituted a suit in Nevada for divorce. The petitioner filed an appearance and a cross-bill. The action came on to be tried and defendant's petition was dismissed and a divorce was granted to the petitioner in this case in accordance with the prayer of her counter-claim.
The petitioner's decree from the Nevada court was dated the 11th of January, 1918. After this, defendant went to California and remained about two years. He returned to the State of New Jersey in 1920 and has continued to reside here. In November, 1922, the defendant married again. On December 4th, 1923, the petitioner filed this suit for divorce and makes application for alimony pendente lite. The exemplified copy of the proceedings in the Nevada court, which is before me, states that the petitioner in that case was a bona fide resident of the State of Nevada. The question that arises therefore is: Was the decree of the Nevada court valid and effectual in dissolving the marriage between the petitioner and the defendant? I think the case is governed by the dicision of the court of errors and appeals in Fairchild v. Fairchild, 53 N.J. Eq. (8 Dick.)678. In that case the court, speaking through Chief-Justice Gummere, said: "Where the plaintiff in a cause is required by statute to have been a bona fide resident of the state in which his action is brought for a fixed period of time, in order to enable him to maintain his action, the ascertainment by the court of the fact of such residence necessarily precedes a consideration of the merits of the case; and the determination of that question by the court is final, not only in the courts of that state, but in every other jurisdiction where the validity of the judgment comes in question, unless such determination has been procured by fraud." There is no allegation of fraud in this case. *Page 208 
The petitioner in the instant case went to Nevada, voluntarily submitted herself to the jurisdiction of the court, won her suit, and is now asking that the determination be set aside on the ground that, although she voluntarily submitted to the jurisdiction, there was, in fact, no jurisdiction by that court. The learned chief-justice in the case of Fairchild v.Fairchild discussed this matter, and quoting again from page 680, says: "That court had jurisdiction over the parties, the respondent having voluntarily appeared and made defense to the action brought against her there by the appellant."
The petition for alimony pendente lite, with leave to file petition for divorce, is denied.