This is a suit for divorce for desertion. The petition was filed October 6th, 1925. In it Mrs. Feickert alleges that she married the defendant, Edward F. Feickert, December 6th, 1902; that he deserted her in December, 1922, ever since which time and for more than two years then last past he had willfully, continuedly and obstinately deserted her; that she had been abona fide resident of New Jersey continuously since the marriage, and had no means of support except from her own exertions. She prayed that the marriage between her and the defendant might be dissolved for the cause aforesaid, and the defendant compelled, by the decree of this court, to support her. The citation, tested October 8th, and returnable October 19th, 1925, was returned non est by the sheriff of Union county, who stated in the *Page 446 
affidavit annexed that he had been credibly informed and verily believed that the defendant, Edward F. Feichert, was then resident in Reno, Nevada. In obedience to the rules of the court, Mrs. Feickert and Mr. English, who is of counsel for her, made affidavits for the purpose of securing an order of publication. Mrs. Feickert swore that her husband was not then, and for several months last past had not been, resident within the State of New Jersey; that she had addressed a letter to his sister, Mrs. F.H. Hawkins, of Plainfield, this state, requesting her to tell deponent the residence and post-office address of the defendant, to which Mrs. Hawkins replied that the last address (of defendant) known to her was 429 South Virginia street, Reno, Nevada; that she knew of her own knowledge that the defendant had gone to Reno, Nevada, because he had instituted a suit against her in the second judicial district court of that state, county of Washoe, the summons in which was dated December 29th, 1925. Mr. English swore that he was a member of the firm, who were solicitors of the petitioner; that prior to filing the petition Mrs. Feickert exhibited to him a copy of the summons and complaint in the suit brought by her husband against her in the second judicial district court of the State of Nevada, county of Washoe; that the name of the attorneys for the plaintiff in that suit, who is the defendant here, was given on the summons and complaint as Price Hawkins; that thereafter he wrote to Messrs. Price Hawkins, stating that his firm represented Mrs. Feickert, who had filed a petition for divorce in the court of chancery of New Jersey against Mr. Feickert, and understanding that they represented Mr. Feickert in a similar proceeding in Nevada, they requested information as to the address of Mr. Feickert so that they might serve him with copies of the papers, the object of the inquiry being to give Mr. Feickert notice of this suit so that he might appear and defend, to which they replied that Mr. Feickert's address was Yori Apartments, South Virginia street, Reno, Nevada, he being then presently absent from Reno, but they understood was expected back shortly. *Page 447 
On October 29th an order of publication was moved for and made, requiring Mr. Feickert to answer Mrs. Feickert's petition on or before December 30th, or in default thereof such decree would be made against him as the chancellor should think equitable and just; and it was further ordered that notice of the order, prescribed by law and the rules of this court, should, within twenty days thereafter, be published, and that a copy of the petition and of the order, as service substituted for personal service of process within this state, be made upon the defendant as prescribed by the rules of this court. This was done, as appears by the proofs of publication and service filed in the cause, Mr. Feickert being served personally with a copy of the petition and certified copy of the order of publication on November 14th, 1925, at the office of his attorneys, Messrs. Price Hawkins, in Reno, Washoe county, Nevada. The defendant's time for answering expired December 30th, 1925, and, he having defaulted in pleading, petitioner's counsel now moves for an order of reference to a special master to take depositions and other evidence to substantiate and prove the allegations in the petition, and to bring on the hearing of the cause ex parte.
This order will be denied, at least, at this time, for reasons hereafter to be stated.
The parties to this suit are prominent people, Mr. Feickert in banking and Mrs. Feickert in political circles. Consequently, their matrimonial infelicities have received considerable newspaper notoriety at various times. With the knowledge that has come to me through newspaper articles and that obtained from the affidavits filed in this cause, I cannot shut my eyes to the fact that the defendant in this cause, Mr. Feickert, has obtained a divorce from his wife, the petitioner, in the State of Nevada. Current newspaper reports, which are doubtless true, are to the effect that Mr. Feickert (undoubtedly relying upon his foreign decree and the validity of it) he has contracted another marriage.
Mrs. Feickert assumes to treat the Nevada proceedings and decree as invalid. I am not permitted to indulge any such presumption. In law the presumption is the other way. If *Page 448 
they are invalid it is because they are fraudulent, and fraud is never presumed, but always has to be strictly proved.
Mr. Feickert, through confidence in the integrity of his Nevada decree, or, perhaps, indifferent to it, has failed and neglected to answer in this suit and assert its validity as a bar to his wife's proceeding. The Divorce act (P.L. 1917 p. 474 § 18) provides that in all uncontested causes where the court may deem it necessary or proper, a disinterested solicitor may be assigned by the court actively to defend the case. Now, I would do less than my duty if I did not see to it either that the petitioner amends her petition, alleging the Nevada divorce and pleading its invalidity, or appoint a solicitor actively to defend.
In ordinary cases the parties being sui juris must protect themselves and defend their own interests. In re Shreve, 87 N.J. Eq. 7; affirmed, Ibid. 710. But divorce cases being suigeneris the public is a party to them, whose rights are represented and protected by the court. And as the law favors marriage and disfavors divorce, it is the policy of the law, legislative as well as judicial, that all proper defenses be made or compelled. See Grant v. Grant, 84 N.J. Eq. 81; Divorce act
§ 18, supra. Now, in the language of the law: "I am credibly informed and verily believe" that Mr. Feickert has obtained a divorce in the State of Nevada, and that it is, presumably, valid. Of course, it may be overcome for fraud. I am, therefore, constrained to insist that that divorce shall be pleaded and successfully attacked as invalid before a final decree can be made in this case in favor of the petitioner.
In Magowan v. Magowan, 57 N.J. Eq. 195, Vice-Chancellor Reed held that a divorced wife cannot maintain an action for maintenance against her former husband. And, of course, a divorced wife cannot maintain an action for divorce against her former husband. In this same Magowan Case on appeal (Magowan
v. Magowan, 57 N.J. Eq. 322) the court of errors and appeals held that where a plaintiff in a suit for divorce is required by statute to have been a bona fide resident of the state in which his suit is brought *Page 449 
for a fixed period of time, in order to enable him to maintain his suit, the ascertainment by the court of the fact of such residence necessarily precedes a consideration of the merits of the case, and the determination of that question by the court is final, not only in the courts of that state, but in every other jurisdiction where the validity of the judgment comes in question, unless such determination has been procured by fraud.
When, however, the adjudication has been procured by fraud, it is without extra-territorial effect, and the judgment will be treated as void in the courts of a sister state.
That is the crux of this case: Is the Nevada decree fraudulent? If not, Mr. Feickert's divorce is as valid here as there. If it is fraudulent, it is invalid here, though it may be treated as valid there.
In Fairchild v. Fairchild, 53 N.J. Eq. 678, the court of errors and appeals held that the only ground upon which the judgment of a court of general jurisdiction can be disregarded in another state is — first, where the adjudging tribunal had no jurisdiction over the person against whom judgment was pronounced, or over the subject-matter of the litigation; andsecond, where the adjudication of the foreign court has been obtained by fraud. And (at p. 679) it was observed that that suit was begun in the court of chancery by the respondent for the purpose of compelling her husband to maintain her, and,incidentally, to have the decree of the Kansas court
(divorcing them) declared null and void. In Magowan v.Magowan, supra, it was stated that the bill was for maintenance by the appellant against her husband, and that as an antecedentto the primary relief prayed for she sought to have declared voida decree of divorce rendered by the district court of theTerritory of Oklahoma in a suit brought by her husband against her.
In Cole v. Cole, 96 N.J. Eq. 206, this court held that a Nevada divorce decree, which shows that petitioner therein was abona fide resident there, is valid here in the absence of anallegation of fraud. *Page 450 
Our Divorce act (P.L. 1907 p. 474 § 33) provides:
"Full faith and credit shall be given in all courts of this state to a decree of annulment of marriage or divorce by a court of competent jurisdiction in another state, territory or possession of the United States when the jurisdiction of such court was obtained in the manner and in substantial conformity with the conditions prescribed in sections 5, 6 and 7 of this act. Nothing herein contained shall be construed to limit the power of any court to give such effect to a decree of annulment or divorce by a court of a foreign country as may be justified by the rules of international comity; provided, that if any inhabitant of this state shall go into another state, territory or country, in order to obtain a decree of divorce for a cause which occurred while the parties resided in this state, or for a cause which is not ground for divorce under the laws of this state, a decree so obtained shall be of no force or effect in this state."
This provision that full faith and credit shall be given in all courts of this state to a decree of annulment of marriage or divorce by a court of competent jurisdiction in another state, territory or possession of the United States, is but declaratory of the full faith and credit clause of the federal constitution and acts of congress. And, according to all the cases, a decree of divorce obtained in a sister state by a person who has a proper residential status there, is valid everywhere, unless procured by fraud. If the Nevada decree in the Feickert Case
contains recitals which, on their face, ascertain that Mr. Feickert had proper residential status there to begin and prosecute his suit in that state, and the decree adjudges that fact and grants a divorce, it cannot be denied that that divorce is valid in New Jersey, unless procured by fraud.
Now, of course, New Jersey can grant a divorce only to parties who are married, and cannot divorce parties who are already validly divorced. To divorce parties who are not married would be a nullity. And the court will not do a vain thing. Zudiak v.Szuryk, 93 N.J. Eq. 559, 561.
I am aware that in several cases in chancery the provision of our statute above quoted has been given force and effect. SeeJung v. Jung, 85 N.J. Eq. 372; Lister v. Lister, 86 N.J. Eq. 30; Thompson v. Thompson, 89 N.J. Eq. 70; Hollingshead *Page 451 
v. Hollingshead, 91 N.J. Eq. 261; Sechler v. Sechler, 94 N.J. Eq. 47; Garrabrant v. Garrabrant, 95 N.J. Eq. 136. But in each one of them all the facts were before the court. In this suit all reference to the Nevada case is omitted.
The point in this whole matter in its present situation is, that the petitioner's pleading does not give the court to be informed of the Nevada suit, and the decree of divorce apparently there obtained. The petitioner in this case may be advised and believe that the Nevada decree is void here, but, nevertheless, in my judgment, it is her duty to plead the existence of that decree and allege that it is fraudulent and void and no impediment to this court granting her a decree of divorce, as was done in the Fairchild and Magowan Cases, and as was done also in the Sechler Case. In the Hollingshead Case it appears not to have been done, but there the defendant appeared and set up the foreign decree as a defense. No question was made concerning the pleadings, and, the foreign divorce being before this court, it was necessarily considered by it.
Of course, if a resident of this state goes into another state to obtain a divorce and does not acquire a bona fide residence there, such divorce will be null here, but its nullity will have to be proved here. And it is not in every case of one going into another state for the purpose of obtaining a divorce that this court will adjudge such divorce fraudulent for that reason. Judge Vroom, speaking for the court of errors and appeals inWallace v. Wallace, 65 N.J. Eq. 359 (at p. 364), said: "I concur entirely in the principle laid down by the special master in this case that a person may legitimately move to another state in order to avail himself of the laws of that state, and this includes, necessarily, the right to remove into the jurisdiction of this state for the purpose of procuring a divorce, the only requirements being absolute good faith in the taking up of such residence and the animus manendi; in other words, the factum
of residence and the animus manendi proves the domicile."Magowan v. Magowan, 12 Dick. Ch. Rep. 324; Harral v. *Page 452 Harral, 12 Stew. Eq. 285; see, also, Rinaldi v. Rinaldi,94 N.J. Eq. 14.
The petitioner in this case could not be permitted to make proof of the Nevada proceedings and decree and attack them as invalid, without pleading them. Testimony to be relevant and admissible must be such as will tend to prove a fact or facts in issue. Marsh v. Marsh Heating, c., Co., 57 N.J. Law 36;Perkins v. Perkins, 22 N.J.L.J. 174. The petitioner in the case at bar has not put the invalidity of the foreign divorce of the defendant in issue by pleading it. This will have to be done if she is to proceed.
To give effect to the above views the petitioner will be allowed twenty days in which to amend her petition by setting out the Nevada proceedings and decree and allege their invalidity, which she will, of course, be allowed to prove, or, in default thereof, a disinterested solicitor will be appointed under the Divorce act, section 18, to plead those proceedings and decree by way of defense.