ELIZABETH S. THOMPSON, sometimes known as Emma Elizabeth S. Thompson, v. THEODORE E. THOMPSON.

JAMES CHARLES ELLIOTT *v.* ELEANOR SUZANNE ELLIOTT.

(*April* 16, 1952.)

RICHARDS, P. J., sitting.

*Stephen E. Hamilton, Jr.,* appeared for the plaintiff, Elizabeth S. Thompson.

*Januar D. Bove,* appeared for the defendant, Theodore E. Thompson, but took no part in the hearing.

*Michael A. Poppiti,* appeared for the plaintiff, James Charles Elliott.

Superior Court for New Castle County, Libel sur divorce, Nos. 38 and 111, Civil Actions, 1952.

RICHARDS, P. J.:

A hearing in each of these cases was had on March 6, 1952. The petition in each case complies with the law of this State. Each sets forth that the defendant wilfully deserted the plaintiff and has persisted and continued in said wilful desertion for more than two years prior to the beginning of this suit. The petition in each case prays that a summons may issue directed to the defendant, commanding appearance in this Court at the next regular divorce day to answer the petition; and further prays that a decree be made by this Court divorcing the plaintiff from the defendant.

Personal service was obtained on each of the defendants.

Before any testimony was taken, I was advised by Mr. Hamilton, attorney for the plaintiff, Elizabeth S. Thompson, that the defendant, Theodore E. Thompson, had previously obtained a divorce from the said Elizabeth S. Thompson in Mexico which was not denied by his attorney, Mr. Bove; I was likewise advised by Mr. Poppitti, attorney for the plaintiff, James Charles Elliott, that the defendant, Eleanor Suzanne Elliott, had previously obtained a divorce from said plaintiff, James Charles Elliott, in Nevada.

No reference was made in said divorce petitions filed in this State of the divorces previously obtained by the defendants in Mexico and Nevada respectively. Said divorce proceedings were not attacked and it was not shown that the divorces granted thereby were not legal and binding.

This state of facts raises the question whether I can hear and determine these divorce actions pending in this State, because the defendant in each of said actions has previously obtained a divorce from the plaintiff in each of said actions, in another jurisdiction.

It cannot be denied that the existence of the marriage relations is an essential element in a cause of action for divorce. 17 *Am. Jur.* page 303, Section 298.

The principle is also well recognized that each party to an action must possess the capacity to maintain such action. 39 *Am. Jur.* page 865, Section 12.

Where one of the married parties goes into another State or jurisdiction and obtains a divorce such a divorce, if found valid, is a bar to a divorce in favor of the other party. *McIntire v. McIntire*, 130 *Me.* 326, 155 *A.* 731; *Feickert v. Feickert*, 98 *N. J. Eq.* 444, 131 *A.* 576; *Jones v. Jones*, 108 *N. Y.* 415, 15 *N. E.* 707, 2 *Am. St. Rep.* 447; *Flaxel v. Flaxel*, 101 *Neb.* 799, 165 *N. W.* 159; *Malcolm v. Malcolm*, 100 *Ky.* 310, 38 *S. W.* 141; *Downey v. Downey*, 98 *Ala.* 373, 13 *So.* 412, 21 *L. R. A.* 677.

 The jurisdiction of this Court over divorce proceedings is statutory, consequently, all power exercised by it in such proceedings must be found in the statute.

Paragraph 3525, section 29, of the *Code of* 1935, as amended by Chapter 225, of Volume 45 of the *Laws of Delaware,* makes this provision:

> "Full faith and credit shall be given in all the Courts of this State to a decree of annulment of marriage or divorce by a court of competent juridiction in another State, territory, or possession of the United States. Nothing herein contained shall be construed to limit the power of any Court of this State to give such effect to a decree of annulment or divorce by a court of a foreign country as may be justified by the rules of international comity."

This is declaratory of the full faith and credit clause of the Federal Constitution, art 4, § 1, and Acts of Congress.

 A decree of divorce obtained in any one of the states, by a person who has obtained a proper residential status there, is generally recognized as valid throughout this country, unless procured by fraud. *Feickert v. Feickert, supra.*

 The fact that disturbs me in this situation, is that the pleading in each case does not inform the Court of the actions and decrees of divorce which I was informed at the hearing had been obtained in Mexico and Nevada. The petitioner in each case may have been advised and may believe that said decrees are not valid here, but it is their duty to plead the existence of said decrees, and their invalidity, in order that the Court may take such action as it thinks proper. *Fairchild v. Fairchild,* 53 *N. J. Eq.* 678, 34 *A.* 10, 51 *Am. St. Rep.* 650.

 The existence and invalidity of the former divorce decrees obtained in other jurisdictions by the defendants in each of the above mentioned cases pending before me not having been pleaded, the petition in each case is hereby dismissed.